## CHARLESTON.

STATE *v.* DELBERT WHITEHEAD

(No. 5975)

Submitted November 22, 1927.   Decided November 25, 1927.

CRIMINAL LAW—

> Points 1 and 2 syllabus of *State* v. *Hunter*, 103 W. Va. 377, approved and applied.
>
> (Criminal Law, 16 C. J. § 1568.)
>
> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Wood County.

Delbert Whitehead was convicted of owning and operating a moonshine still, and he brings error.

> *Judgment reversed; verdict set aside;*
> *new trial.*

*R. B. McDougle* and *R. E. Bills,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *J. L. Wolfe,* Assistant Attorney General, for the State.

LIVELY, JUDGE:

Defendant, Delbert Whitehead, obtained this writ of error to a judgment of the circuit court sentencing him to pay a fine of $300.00 and to three years confinement in the penitentiary, upon conviction of a charge of owning, operating, etc., a moonshine still.

There are several points of error relied upon for reversal, the first of which is that the verdict is contrary to the law

and evidence. Logically this assignment of error should be considered first, for if well taken, the others become immaterial.

The evidence of the State was to the effect that upon a search of defendant's premises, which were situated about three miles from Parkersburg on the ''Lost Pavement'' road, the officers found a medicine bottle containing moonshine liquor and camphor, in defendant's kitchen cabinet; that in continuing their search they followed a path which led from the defendant's back porch down to a spring about twenty-five feet away and continued thence to the creek at the foot of the hill (which parts of the path were well worn), where it turned to the right, followed along the creek bank for about thirty yards, and ended at a clump of bushes in which the officers found concealed three barrels of mash, several empty jugs, and a moonshine still which was wrapped in a sack. The weeds had been trampled down around the still, but there was no indication of its recent operation; although the path along the bank of the creek bore signs of footprints. There was evidence that a path led from the still up to a point in defendant's garden (this path was not well marked), where it ended at a buried suit case; also that defendant's house, which was about a hundred yards away, could be seen from the place where the still and mash were found. This was the case as made out by the State.

According to the defendant and his wife, they had lived on the premises but three months when the search was made. They said that the bottle containing liquor and camphor had been on the property when defendant moved there; that the bottle was open, and the top of it was covered with a layer of gnats, bugs and other insects. The defendant stated that he had no knowledge of the moonshine still, mash and other equipment, and that the buried suit case was an old one which had been thrown out and was used by the children in playing house. The still and mash were found upon the land of one Cook, about thirty feet from the fence separating defendant's property from that of Cook.

We are of the opinion that the evidence is not sufficient to sustain the verdict. It is true that there are certain circum-

stances which probably arouse suspicion of defendant's guilt, but facts and circumstances, even though they arouse strong suspicion of guilt, when they do not prove the actual commission of the crime charged, will not sustain a conviction. *State* v. *Hunter,* 103 W. Va. 377; *State* v. *Mininni,* 101 W. Va. 611. To convict on circumstantial evidence alone, it should to a moral certainty exclude every hypothesis except that of defendant's guilt, and circumstantial evidence should always be scanned with caution. *State* v. *Bennett,* 93 W. Va. 548; *State* v. *Hunter, supra.* The facts and circumstances here shown do not exclude to a certainty the hypothesis that some person other than defendant (and several persons resided in the near vicinity, including Cook on whose land the apparatus was found), may have been the owner or operator of the moonshine still.

The judgment of the circuit court will be reversed; the verdict set aside, and a new trial awarded.

*Judgment reversed; verdict set aside;
new trial.*